EDWIN M. HUKILL *v.* JOSHUA B. FENNEMORE and JOHN T. HUKILL.

Judgment on a joint and several bond of two obligors entered jointly against them more than four years after the death of one of them, but under a warrant of attorney which did not authorize the confession of judgment jointly and severally against them, set aside.

RULE to show cause wherefore judgment, No. 577 to November Term 1873 of this Court for the real debt of $4000.00 with interest from December 1st 1868, confessed by warrant of attorney on the 20th day of January 1874, at the suit of Edwin M. Hukill v. Joshua B. Fennemore and John T. Hukill should not be set aside.

The rule was granted on the affidavit of John B. Fennemore, one of the defendants, that the same was entered on the pretended authority of a bond and warrant of attorney to confess judgment thereon, executed by the said defendants to the said plaintiff for the real debt of four thousand dollars on the 1st day of December 1868 with interest from that date; but that the said John T. Hukill, one of the said defendants, afterward died on the 9th day of July 1869, and that the said judgment was afterward so entered jointly against both of the said defendants on the 20th day of January 1874, more than four years after his death. The bond itself was in its terms both joint and several, but the warrant of attorney to confess judgment upon it was as follows: " And we do hereby authorize and empower any Clerk, Prothonotary, or Attorney of any Court of Record in America or elsewhere, to appear for us, our heirs, executors, or administrators, at the suit of the said Edwin M. Hukill, his executors, administrators, or assigns, on the above obligation, as of any term prior or subsequent to the date hereof, and thereupon to confess judgment for the above sum of eight thousand dollars debt, besides costs of suit, by *non sum informatus*, *nil dicit* or otherwise, with stay of execution until day of payment."

*The Court*, after hearing the counsel, and referring to *Vincent v. Herbert*, 2 *Houst.* 425, made the rule absolute and set aside the judgment as improperly entered against either of the defendants under the warrant of attorney and the facts stated and admitted.

*Lore*, for the plaintiff,

*Gordon*, for the defendant, } in the rule.